## SALKIND v. LEVY.

(City Court of New York, Special Term. March, 1909.)

1. JUDGMENT (§ 103*)—DEFAULT JUDGMENT—TIME OF TRIAL—DUTY TO PREPARE.

A party should always be prepared to try his case when it is reached on the calendar, so as not to suffer a default; and the party who conforms to the court rules as to the time of trial should be protected against one who disregards them.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 162, 163, 174–176; Dec. Dig. § 103.*]

2. JUDGMENT (§ 143*)—DEFAULT—VACATING—GROUNDS.

The case was placed on the short-cause calendar and set for trial on October 8th, was reached on October 23d, and continued to the 26th, when it was called for trial, and, plaintiff not being ready, and giving no legal excuse, the case was sent to the foot of the general calendar. It was thereafter restored to the short-cause calendar and set for trial January 25, 1909, when defendant answered "Ready," but plaintiff did not appear,

and upon the second call of the case it was again dismissed. *Held*, that plaintiff was not entitled to have the default vacated under Code Civ. Proc. § 724, authorizing the court to relieve against a judgment taken through a party's mistake, inadvertence, surprise, or excusable neglect.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 143.*]

3. JUDGMENT (§ 169*)—DEFAULT—VACATING—CONDITIONS—COSTS.

Though a case was twice dismissed and sent to the foot of the general calendar upon plaintiff's failure to appear for trial, in order to give plaintiff his day in court, the default entered after the last dismissal will be vacated on condition that plaintiff pay defendant $30 costs, $10 costs of the motion to vacate, and that the case be placed at the foot of the general calendar.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 328, 329; Dec. Dig. § 169.*]

Action by Henry Salkind against Harry Levy. Motion for an order to vacate a judgment of dismissal and open plaintiff's default and restore the case to the calendar. Motion granted on terms.

E. Louis Jacobs, for plaintiff.

Benjamin M. Levy, for defendant.

FINELITE, J. This is a motion why an order should not be made vacating the judgment of dismissal and why the plaintiff's default should not be opened and the case restored to the calendar for trial. It appears from the papers that the plaintiff allowed two defaults to be taken against him at separate trial terms. When the action was at issue the plaintiff moved for an order to advance this case to the short-cause calendar, which order was granted, and the case set down for trial for the 8th day of October, 1908. It was reached for trial on October 23, 1908, and adjourned to October 26, 1908, and when said case was called for trial, the plaintiff not being ready to proceed and no legal excuse being offered to the trial judge, the case was sent to the foot of the general calendar. Thereafter a motion was made by the plaintiff to again restore said case to the short-cause calendar, which motion was granted, and the case set down for trial for the 25th day of January, 1909. It then appeared for trial for short causes on the 25th day of February, 1909; the defendant answering "Ready." The plaintiff failed to appear, and upon the second call of said case it was again marked dismissed. The plaintiff now moves for an order to open his default and restore said case to the short-cause calendar again for trial.

The plaintiff has been derelict in not proceeding to trial upon the occasions above set forth, and considers, by the renewal of motions, that the court in its discretion may be so lenient in excusing his laches, a default allowed to be taken through the neglect of the attorney. Default is a serious matter, and the duty of the attorney to avoid a default being taken shows lack of attention and dereliction to the interests of his client. He should at all times be overzealous to try the cause when reached and to dispose of the same, and not to suffer his default to the annoyance of the defendant. The litigant who respects the rules of the court is entitled at all times to protection against those who have little or no respect for such rules. Section 724, Code Civ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Proc., permits the court to relieve a party from a judgment order or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect. The plaintiff does not come within any of the provisions of this section, and as the court does not intend to prevent the plaintiff from having his day in court, notwithstanding that his default was not taken through any mistake, inadvertence, or surprise, as the said section provides, the motion will be granted, and the court, in penalizing the plaintiff as a condition for opening his default, orders that said plaintiff pay to the defendant the sum of $30 costs, $10 costs of this motion, and that the case be placed at the foot of the general calendar.

Settle order on two days' notice.